■ In the Matter of JOSEPH C.E., Appellant. THOMAS ROOTE, Respondent. [951 NYS2d 450]—

Memorandum: Respondent appeals from an order adjudicating him a person in need of supervision and placing him on probation for a period of one year. At the outset, we note that, "[a]lthough the dispositional portion of the . . . order . . . has expired by its own terms, a review of [respondent's] adjudication as a person in need of supervision is not academic because of the possibility of collateral legal consequences resulting from the adjudication" (*Matter of Leslie H. v Carol M.D.*, 47 AD3d 716, 717 [2008]; *see* Family Ct Act § 783).

Turning to the merits, we agree with respondent that Family Court erred in denying his motion to dismiss the petition. In a report attached to the petition, a representative of the Livingston County Probation Department (LCPD), the lead agency pursuant to Family Court Act § 735 (a), stated in a conclusory manner that diversion services for respondent and his family were provided prior to the filing of the petition. "Thus, the petition failed to demonstrate that the LCPD had 'exert[ed] what the statute refers to as documented diligent attempts to avoid the necessity of filing a petition' " (*Matter of Nicholas R.Y. [Joanne Y.]*, 91 AD3d 1321, 1322 [2012]; *see* § 735 [b], [d]). "[T]he failure to comply with such substantive statutory requirements constitutes a nonwaivable jurisdictional defect requiring dismissal of the petition" (*Nicholas R.Y.*, 91 AD3d at 1322 [internal quotation marks omitted]). Present—Fahey, J.P., Peradotto, Carni and Sconiers, JJ.